UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURIE LUCE,<br>    Plaintiff,<br><br>    v.<br><br>KOHL'S DEPT STORES, INC,<br>    Defendant. | No. 3:14-cv-00142 (JAM) |

## ORDER OF CONDITIONAL REMAND TO STATE COURT

This is a slip-and-fall case that poses a recurring and significant issue of federal court removal jurisdiction in diversity cases. The issue is whether a plaintiff in a diversity case may secure a post-removal remand to state court by stipulating that the amount-in-controversy is less than the diversity threshold of $75,000. The issue has apparently divided federal courts nationwide.[1] I conclude that when a plaintiff's state court complaint leaves a federal court guessing about how much plaintiff is claiming, a federal court may properly rely on a damages-clarifying stipulation as a basis to order that a removed case be remanded to state court.

### Background

Plaintiff went shopping one day at a Kohl's Department Store when she slipped on a "dangerous and defective wet liquid substance." (Doc. #1-1, ¶ 4). She later filed this negligence suit in a Connecticut state court, alleging "injuries of a serious, painful and permanent nature" to her lumbar, spine, and buttocks, as well as "a general shock to the nervous system" and "emotional upset" that "interferes with life's activities and enjoyments to which she is entitled." *Id.* ¶ 5. These

---

[1] *See* Benjamin T. Clark, *A Device Designed to Manipulate Diversity Jurisdiction: Why Courts Should Refuse to Recognize Post-Removal Damage Stipulations*, 58 Okla. L. Rev. 221, 221, 231, 236 (2005) (contending that "federal courts have inconsistently treated post-removal damage stipulations" and that "the Third, Sixth, and Seventh Circuits have held that post-removal damage stipulations should be disregarded and not considered in the

allegations of serious injury notwithstanding, plaintiff did not quantify her damages other than to file a statutory notice of "Amount in Demand" stating that she sought money damages in excess of $15,000. *Id.* at 5 (citing Conn. Gen. Stat. § 52-91).

Defendant timely removed the case to this Court pursuant to 28 U.S.C. § 1441(a), invoking federal diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. #1, ¶ 6). Plaintiff countered by moving to remand the case under 28 U.S.C. § 1447(c), contending that defendant had failed to show—as required for diversity jurisdiction—an amount in controversy of more than $75,000. (Doc. #13-1 at 3). Defendant responded by consenting to a remand if plaintiff would stipulate that "in no circumstances shall the damages recovered be in excess of" $75,000. (Doc. #15 at 2). Plaintiff replied with an offer to stipulate to the following:

> I am willing to stipulate at this time that I will not be claiming more than $75,000.00 in the instant case, under the facts as exist at the time of filing the complaint, if this matter is remanded to state court. Should there be a material change in circumstances in the instant case [that] warrants a claim in excess of $75,000 I stipulate to removal to Federal Court.

(Doc. #18 at 2).

## Discussion

Federal diversity jurisdiction requires an amount-in-controversy of at least $75,000. *See* 28 U.S.C. § 1332(a). Ordinarily, this amount is measured as of the time that a complaint is filed, *see Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005), and it is established by the face of the complaint and the dollar-amount actually claimed. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

---

amount in controversy analysis," while "the Fifth Circuit and a myriad of federal district courts have held that post-removal damage stipulations may be considered to clarify the amount in controversy").

A more difficult question is how to measure the amount-in-controversy when, as here, a state court complaint alleges a serious injury but is silent or ambiguous—perhaps strategically so—about the amount of damages claimed. Indeed, state court plaintiffs in Connecticut need not allege damages with particularity; even for cases of unquestioned serious injury, Connecticut law requires a plaintiff to allege no more than that the amount in demand exceeds $15,000. *See* Conn. Gen. Stat. § 52-91; *Southington '84 Assocs. v. Silver Dollar Stores, Inc.*, 237 Conn. 758, 765, 678 A.2d 968 (1996). For such state court complaints that find their way through removal to a federal court's docket, this creates a quandary for the court to determine if federal diversity jurisdiction exists.[2]

In *Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159–60 (D. Conn. 2004), Judge Kravitz explored one practical solution to this problem: to grant a remand if plaintiff will stipulate that she does not seek more than $75,000 in damages. This approach does not run afoul of the rule that a plaintiff may not *reduce* a monetary demand to defeat federal diversity jurisdiction that otherwise properly existed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 (1938); *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (per curiam). Rather, the stipulation does no more than evidentially *clarify* an amount in controversy that is otherwise ambiguous. *Ryan*, 343 F. Supp. 2d at 159 ("a stipulation serves to clarify rather than amend the plaintiff's complaint").

The Supreme Court has recently noted with apparent approval the practice of federal courts to allow remands on the basis of plaintiff stipulations to damages amounts that fall below

---

[2] "Special difficulties arise when the amount in controversy is not apparent from the face of the plaintiff's state court complaint," and "[n]ot surprisingly, the federal courts have had some difficulty in ascertaining the amount in controversy when the complaint is silent or inconclusive on the subject." 14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3725.1 (4th ed. 2014). This ambiguity is not likely for a diversity complaint that has been filed in federal court in the first instance, because a plaintiff must allege the grounds for the federal court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009).

the diversity jurisdictional threshold. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (dicta noting that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement").

To be sure, a plaintiff might well decline to stipulate. If so, then a court is left to conduct an evidentiary inquest to decide if the removing defendant has established the jurisdictional amount-in-controversy by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B); *see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) ("Where the pleadings themselves are inconclusive as to the amount in controversy, however, federal courts may look outside those pleadings to other evidence in the record."); *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 199–204 (D. Conn. 2004) (considering pre-removal correspondence between the parties where the pleadings were inconclusive regarding the amount in controversy).[3]

Here, however, there is no need for prolix factfinding, as the stipulation solution sensibly applies and easily warrants a remand of this case to state court. Plaintiff's stipulation suffices to refute any preponderance showing that her claim amounts to more than $75,000 in damages. Judicial economy and the essential purpose of Congress—to close the federal courthouse doors to small-dollar diversity lawsuits—is served.

---

[3] Although the Second Circuit has previously ruled that a defendant must show a "reasonable probability" that the amount-in-controversy exceeds the diversity threshold, *see, e.g.*, *Scherer*, 347 F.3d at 397, Congress amended the removal statute in 2011 explicitly to require a finding by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B) (enacted by Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b)(3)(C), 125 Stat. 758, 760). Nomenclature aside, it is unclear that these two standards are functionally different in this context. *See, e.g.*, *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009) (noting that "the reasonable probability standard is, to our minds, for all practical purposes identical to the preponderance standard").

The Court denies plaintiff's request for attorney fees and costs incurred as a result of litigating defendant's removal of this case. *See* 28 U.S.C. § 1447(c). The Supreme Court has made clear that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). In light of plaintiff's choice to allege serious and permanent injuries while leaving ambiguous the amount of damages she sought, defendant's decision to remove this case was far from objectively unreasonable.

## Conclusion

The Court GRANTS plaintiff's motion for remand. The Court DENIES plaintiff's request for an award of attorney fees and costs.

It is so ordered.

Dated at Bridgeport this 23rd day of May 2014.

/s/_____Jeffrey Alker Meyer_____
Jeffrey Alker Meyer
United States District Judge